UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**PARIS ALBERT**                               **CASE NO. 2:23-CV-00285**

**VERSUS**                                     **JUDGE JAMES D. CAIN, JR.**

**ACE AMERICAN INSURANCE CO ET AL   MAGISTRATE JUDGE LEBLANC**

MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 25] filed by plaintiff Paris Albert. Defendants oppose the motion. Doc. 29.

I.
BACKGROUND

This suit arises from a motor vehicle accident that occurred on January 10, 2022. Plaintiff Paris Albert alleges as follows: She was driving her 2003 Ford Escape in the outside eastbound lane of Interstate 10 in Calcasieu Parish Louisiana. Doc. 1, att. 1, p. 4, ¶ 2. Suddenly and without warning, a 2017 Peterbuilt Semi-Truck operated by Robert Peden and owned by DSV Air & Sea Inc. and/or DSV Road Transportation, Inc. (collectively, "DSV"), merged into her lane, colliding with the driver's side of her vehicle and injuring her. *Id.* Plaintiff filed suit in state court on December 12, 2022, against Peden, DSV[1], and DSV's insurer, Ace American Insurance Company, asserting that Peden's negligence was the sole cause of the accident. Defendants then removed the matter to this court on the basis

---

[1] DSV Road Transportation Inc. was later correctly identified as Sammons Transportation Inc. d/b/a DSV Road Transportation Inc.

of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The matter is set for jury trial before the undersigned on January 12, 2026. Doc. 24.

Plaintiff now brings this motion for partial summary judgment, arguing that she is entitled to a presumption that the accident caused her subsequent neck pain/injury under *Housley v. Cerise*, 579 So.2d 973, 980 (La. 1991), and that the defendants cannot rebut this presumption.[2] Defendants oppose the motion, noting plaintiff's history of neck pain and treatment. Doc. 29.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is

---

[2] As plaintiff acknowledges, the *Housley* presumption was overturned by Act No. 18 of the 2025 Regular Session of the Louisiana Legislature, codified at Louisiana Code of Evidence article 306.1. These provisions are applied prospectively, and do not apply to causes of action arising before the effective date of the act. La. C.E. art. 306.1, note.

not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In *Housley v. Cerise*, supra, the Louisiana Supreme Court created a presumption that aids a plaintiff in proving a causal link between an accident and subsequent injury. That presumption applies when the plaintiff shows that (1) he was in good health prior to the accident; (2) symptoms of the injury appeared and continuously manifested themselves shortly after the accident; and (3) through medical evidence, circumstantial evidence, or common knowledge, there is a reasonable possibility of causation between the incident and the alleged injury. *Housley*, 579 So.2d at 980 (citing *Lukas v. Ins. Co. of N. Am.*, 342 So.2d 591 (La. 1977)). To rebut the presumption, a defendant must show that some other incident could have caused the injury in question.

*Oregan v. Cashio*, 220 So.3d 845, 850 (La. Ct. App. 5th Cir. 2017) (citing *Maranto v. Goodyear Tire & Rubber Co.*, 650 So.2d 757, 761 (La. 1995)).

Plaintiff relies on her own testimony, as well as post-accident medical records and the opinions of her treating physician, Dr. Gassan Chaiban, and orthopedic surgeon, Dr. Julio Petilon, to show that her neck pain was caused by the subject accident. But defendants submit evidence to refute the first factor of the presumption, namely that plaintiff was in good health before the accident. Plaintiff admitted that she was involved in another car accident in September 2021 as a passenger, after which she was treated at a hospital and complained of neck and back pain. Doc. 25, att. 10, pp. 40–44. Plaintiff treated with a chiropractor after this incident and testified that she had completed treatment and was not experiencing any symptoms, other than occasional mild discomfort, by January 2022.[3] *Id.* at 42–47. She was also involved in other motor vehicle accidents in 2015 and 2017, after which she received a neck brace, was treated at a hospital, and saw the same chiropractor. *Id.* at 31–34; *see* doc. 25, att. 11. Again, she maintained that her symptoms had resolved before the subject accident. Doc. 25, att. 10, pp. 31–34. She did not tell Dr. Chaiban of the 2015 or 2017 accidents, however.[4] Doc. 29, att. 2, pp. 26–27.

---

[3] On her initial visit to Dr. Chaiban, she told him that she still had slight pain from the September 2021 accident but that it increased after the January 2022 accident. Doc. 29, att. 2, p. 24; *see* doc. 25, att. 11, p. 7.

[4] Plaintiff also admitted in her interrogatory responses that she was involved in a four-wheeler accident in September 2022. Doc. 29, att. 3, p. 3. She denied these events at her deposition, though it is recorded in the notes from an October 2022 physical therapy visit. Doc. 25, att. 10, pp. 56–57; *see* doc. 25, att. 11, pp. 11–12. At any rate, Dr. Chaiban was not informed of the alleged incident. Doc. 29, att. 2, pp. 12–13. Only the report of her orthopedic surgeon, Dr. Petilon, is provided, and it is unclear whether he received any information relating to the prior accidents. *See* doc. 25, att. 9.

Meanwhile, defense expert Dr. Chad Domangue reviewed plaintiff's medical records, including imaging from her prior accidents, and noted her high subjective pain reports exceeding imaging pathology. Doc. 25, att. 11, p. 35. He further opined:

> I feel this was **an exacerbation of her preexisting complaints at worst**. I do not feel there's any objective pathology related to the injury in question. I do have concerns about her subjective reporting in the setting of multiple normal and nearly normal range of motion exams as well as age-related normal imaging. I have multiple concerns as to the inconsistencies reported related to the procedures, physical exams, and pain scores.
> . . . .
> I do feel her underlying psychiatric disease plays a role, and I would like the ability to review any psychiatric records to further this discussion if indicated.
> There is literature that supports that patients with psychological illness can manifest somatic complaints such as headaches and neck pain due to their psychological disease as opposed to a primary anatomical source.

*Id.* at 37–38 (emphasis added). Dr. Todd Fountain, who conducted defendants' IME, also documented her prior accidents. He stated:

> Ms. Albert was involved in a motor vehicle collision on January 10, 2022, as stated throughout the records. While it is clear of the incident's occurrence and **possible** event-aggravated preexisting concerns, I do not see any physical evidence of acute trauma either in immediate CT imaging following the event [or] followup MRI imaging of both the cervical and lumbar spine. She also describes a significant mixed response to treatment, and her description of these responses are inconsistent between clinical reporting, her reporting, and her prior and current recollections of those treatments. These inconsistencies continue with her current statements about her previous traumatic events and the documentation of past neck pain, headaches, back pain, and these previous motor vehicle accidents and/or 4-wheeler accidents and their treatment paradigm, all of which are additive to her preexisting component of her pain as well as continued pain. Her statements represent pain even leading up to the time of the accident with the accident exacerbating those complaints. She has been inconsistent with her medication use and has been, by her account, unresponsive to injectional treatments, and during her evaluation today, even while seven months pregnant, had no mention of any back pain or increased symptomatology

>with her pregnancy even given the body changes associated with her current state.

Doc. 25, att. 12, p. 7 (emphasis added).

Plaintiff's subjective reports of her own symptoms invite credibility determinations, which the court is forbidden from making on summary judgment. When medical providers base their opinions on such reports, including the onset of symptoms and their relation to the subject accident, the plaintiff's credibility becomes a "foundational inquiry presented to the jury." *Lewis v. Nat. Union Fire Ins. Co.*, 386 So.3d 1117, 1120 (La. Ct. App. 3d Cir. 2024). Additionally, the fact that Dr. Chaiban lacked complete information regarding her accident history—information that defendants' experts found highly relevant—undercuts the persuasive value of his opinions. Meanwhile, defendants have presented two opinions calling into question whether any injury or exacerbation occurred. Thus, to the extent defendants may show that plaintiff's prior or alleged subsequent accident(s) caused any of her alleged symptoms, they are able to rebut the presumption and plaintiff is not entitled to summary judgment. *Accord Dore v. Mitsui Sumimoto Ins., USA, Inc.*, 117 So.3d 231, 235 (La. Ct. App. 3d Cir. 2013) (presumption "does not apply and/or is overcome should the jury conclude the plaintiff was not credible and the claimed injuries were not caused by the accident.").

## IV.
### Conclusion

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 25] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 19th day of November, 2025.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**